[Cite as *State v. Claypool*, 2011-Ohio-2296.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| BRIAN CLAYPOOL | Case No. 11CA006 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Municipal Court, Case No
                             2010-TRD-1899



JUDGMENT:                    Affirmed



DATE OF JUDGMENT ENTRY:      May 6, 2011



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHRISTINE C. WILLIAMS                 BRIAN W. BENBOW
164 East Jackson Street               605 Market Street
Millersburg, OH  44654                Zanesville, OH  43701

*Farmer, J.*

{¶1}   On November 8, 2010, appellant, Brian Claypool, was charged with speeding in a school zone in violation of R.C. 4511.21.   Appellant was charged with driving 40 m.p.h. in a 20 m.p.h. zone.

{¶2}   A bench trial commenced on January 12, 2011.   Appellant moved for acquittal under Crim.R. 29 after the state's case-in-chief and again at the conclusion of all the evidence.   The trial court denied the motions.   The trial court found appellant guilty and ordered him to pay a $100.00 fine plus court costs.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignment of error is as follows:

I

{¶4}   "THE TRIAL COURT'S JANUARY 12, 2011 JUDGMENT ENTRY CONVICTING DEFENDANT/APPELLANT OF SPEEDING IN A SCHOOL ZONE IS AGAINST BOTH THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I

{¶5}   Appellant claims his conviction was against the manifest weight and sufficiency of the evidence.   We disagree.

{¶6}   On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.   *State v. Jenks* (1991), 61 Ohio St.3d 259.   "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."   *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307.   On

review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶7} In his brief at 4, appellant argues the state "failed to present any evidence that the sign marking the school speeding zone complied with the Ohio Manual of Uniform Traffic Control Devices." In denying appellant's Crim.R. 29 motions for acquittal on this issue, the trial court stated the following:

{¶8} "No the statute does just require that it [posted sign] be within so many feet of a school zone.

{¶9} "Again the sign is total irrelevant. Statute doesn't require a school zone sign. It specifically says nothing in this section or in the manual specification for uniform system of traffic control devices shall be construed to require school zones to be indicated by signs equipped with flashing or other lights. Or giving other special notice

in which thee (sic) hours of the school zone are in effect. It's kind of an absolute." T. at 10 and 20, respectively.

{¶10} Lieutenant Gary Chanay of the Holmes County Sheriff's Department testified he clocked appellant driving 40 m.p.h. in a school zone between 3:20 and 3:30 p.m. on a school day. T. at 4-5. School buses were attempting to pull out into traffic and parents were picking up their children. T. at 4. The flashing lights on the 20 m.p.h. school zone sign were activated. T. at 5. Appellant admitted to driving 40 m.p.h. and seeing the school zone sign, but claimed the flashing lights were not on. T. at 12, 14. He did not see any busses or parents and children leaving indicating that school was letting out. T. at 12-14. Appellant's sister, Connie Claypool, was in the vehicle with appellant at the time and testified she also did not see any flashing lights or children leaving the school. T. at 17-18.

{¶11} Appellant was convicted of violating R.C. 4511.21(B)(1)(a) which states the following:

{¶12} "(B) It is prima-facie lawful, in the absence of a lower limit declared or established pursuant to this section by the director of transportation or local authorities, for the operator of a motor vehicle, trackless trolley, or streetcar to operate the same at a speed not exceeding the following:

{¶13} "(1)(a) Twenty miles per hour in school zones during school recess and while children are going to or leaving school during the opening or closing hours, and when twenty miles per hour school speed limit signs are erected;***The end of every school zone may be marked by a sign indicating the end of the zone. Nothing in this section or in the manual and specifications for a uniform system of traffic control devices

shall be construed to require school zones to be indicated by signs equipped with flashing or other lights, or giving other special notice of the hours in which the school zone speed limit is in effect."

{¶14} As clearly stated in R.C. 4511.21(B)(1), the speed limit within a school zone when such school zone is in effect is 20 m.p.h. The statute "specifically states that the school zone need not be designated by flashing lights or signs giving special notice of effective hours. Rather, it is only required that general signs designating the school zone be erected." *Haithcock v. Hunter* (2000), Madison App. No. CA2000-01-001.

{¶15} In the case sub judice, there was testimony that there were flashing yellow school zone signs erected indicating a school zone. Lieutenant Chanay testified school was in session, and the flashing lights were activated when school was letting out. Busses and parents and children were leaving the school.

{¶16} Upon review, we find sufficient evidence was presented to establish the school zone was in effect when appellant drove through at 40 m.p.h., and no manifest miscarriage of justice.

{¶17} The sole assignment of error is denied.

{¶18}  The judgment of the Municipal Court of Holmes County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Patricia A. Delaney_____

JUDGES

SGF/sg 404

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRIAN CLAYPOOL | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CA006 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Holmes County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin____ _____


_s/ Patricia A. Delaney_____

JUDGES